UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DRYWALL TAPERS AND POINTERS OF GREATER )
NEW YORK LOCAL UNION 1974, IUPAT, AFL-CIO, )
) Index No.: 16-CIV-8636
                Plaintiffs, )
) **COMPLAINT**
    -against- )
)
CURTIS PARTITION CORPORATION, )
)
                Defendant. )

---

Plaintiff, Drywall Tapers and Pointers of Greater New York Local Union 1974, IUPAT, (hereinafter referred to as the "Union") by its attorneys Barnes, Iaccarino & Shepherd LLP allege as follows:

## JURISDICTION AND VENUE

1. This action is based on the provisions of Section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") (29 U.S.C. Section 185).

2. Jurisdiction is conferred upon this court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185); and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3. Venue properly lies in this District under the provision of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391 (b).

4. This action is brought by the Union to obtain injunctive relief, monetary damages and other equitable relief under the Taft-Hartley Act and for breach of contract to secure performance by the Employer of the obligation to abide by and comply with a certain arbitration award and to enforce said award.

## PARTIES

5. The Plaintiff Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. Section 142), and Section 3(4) of ERISA (29 U.S.C. Section 1002(4)), and as further defined in Section 12 of the General Associations Law of the State of New York.

6. The Union's principal office is located and administered at 45 West 14th Street, New York, NY 10011.

7. The Defendant, Curtis Partition Corporation, ("Employer"), is upon information and belief a corporation duly organized and exists under the laws of New York State with its principal office and place of business located at 505 Eight Avenue, Suite 301, New York, NY 10018.

## AS AND FOR A FIRST CLAIM FOR RELEIF

8. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 7 of this Complaint as if fully set forth herein.

9. The Union and the Employer, are parties to a certain collective bargaining agreement ("CBA") covering certain of its employees.

10. Article XI of the CBA provides that the Employer shall register jobs for all work performed by its employees covered by the Trade Agreement.

11. The Employer failed to register jobs pursuant to Article XI of the CBA for work covered by the Trade Agreement.

12. The Union filed a Demand for Arbitration with the Union's Joint Trade Board ("JTB").

13. The JTB submitted a Notice of Intention to Arbitrate to the Employer.

14. A hearing was duly held before the Joint Trade Committee.

15. An Award of was issued on attached hereto as "Exhibit A".

16. The said Award provided that the Employer, Curtis Partition Corporation, violated the Trade Agreement by failing to register jobs for all work performed by its employees covered by the CBA.

17. The said Award further provided that, as a remedy for the aforesaid violations, the Employer shall pay to the Union the total amount of Five Hundred Dollars ($500.00) for distribution as provided in the said Award.

18. Curtis Partition Corporation has failed and refused to comply with the Award.

WHEREFORE, the Plaintiff prays that this Court enter an Order and Judgment confirming and enforcing the said Award; granting judgment against the Employer for Five Hundred Dollars ($500.00); awarding Plaintiff reasonable attorney fees and the costs and disbursements of this action; and granting Plaintiff such other, further or different relief as the Court may deem just, proper or equitable.

Dated: Elmsford, New York
November 7, 2016

Lauren M. Kugielska, Esq.
Barnes, Iaccarino & Shepherd LLP
*Attorneys for Plaintiff* Drywall Tapers and Pointers of Greater New York Local Union 1974, IUPAT *District Council No. 9, International Union of Painters and Allied Trades, A.F.L.-C.I.O.*
258 Saw Mill River Road
Elmsford, NY 10523
(914) 592-1515

# EXHIBIT A

JOINT TRADE BOARD OF THE DRYWALL TAPERS INDUSTRY
-------------------------------------------------------------------X
In the Matter of Arbitration between:

Drywall Tapers and Pointers of Greater New York
Local Union 1974, Affiliated with International Union
Of Allied Painters and Allied Trades, AFL-CIO

                                                                    **DECISION**
                                                               **OF THE JOINT TRADE**
                                                               **BOARD**
                   Union,

    -against-

Curtis Partition Corporation

                    Employer.
-------------------------------------------------------------------X

     Pursuant to Article XXIX of the Collective Bargaining Agreement, (the "CBA") or Trade Agreement (Agreement) between Drywall Tapers and Pointers of Greater New York Local Union 1974, affiliated with International Union of Painters and Allied Trades, AFL-CIO (hereinafter "1974" or "Union") and Drywall Taping Contractors' Association of Greater New York and The Association of Wall-Ceiling & Carpentry Industry of New York and the above captioned Employer, Curtis Partition Corporation("Curtis"), the following constitutes the Decision of the Joint Trade Board of the Drywall Tapers Industry:

     Local 1974 served a Notice of Intention to Arbitrate, dated December 8, 2015 pursuant to Article VII of the Agreement charging the Employer with failure to register the job located at 1133 Avenue of the Americas, Ground Floor and Basement, New York, NY in violation of Article XI, Section 1 of the Agreement. By letter dated December 8, 2015 sent by United States Postal Service, ATO was notified that the hearing was scheduled for December 21, 2015 at 12:45 P.M. The hearing was duly held on December 21, 2015 at 12:45 P.M. at 45 West 14th Street, Mezzanine Floor, New York, New York 10011.

     The following individuals were in attendance at the hearing:

For Local 1974:
John Drew-President DC9
Anthony Verderosa- Union Representative
Jim Barnett- Union Representative
Anthony Buscema- Union Representative

Joint Trade Board:
Anthony Buscema- Union Representative
Peter Cafiero-Employer Representative
John Drew- Union Representative
Anthony Verderosa- Union Representative

   Jim Barnett- Union Representative
   John Delollis- Employer Representative
   John Donohue- Employer Representative
   Karen M. Hertz, Esq. - Attorney for JTB

   <u>Claimant Representatives</u>
   <u>Elliott Santiago- Union Representative</u>
   <u>Richie Jacobs, Jr.-Union Representative</u>

   <u>Cathal Whyte appeared on behalf of the Employer.</u>

   Ms. Hertz informed the Joint Trade Board, (the "Board") that the Notice of Intent to Arbitrate was sent to Curtis via United States Postal Service on December 8, 2015 and that it was duly received on December 10, 2015 and that the Employer was also notified by fax and by telephone.

Elliott Santiago stated that on November 5, 2015, he and Richie Jacobs, Jr. visited the jobsite of the Employer located at 1133 Avenue of the Americas, New York NY Basement and Ground floors and discovered that no job registration had been filed.

  On behalf of Curtis, Mr. Whyte stated that on that day, the Supervisor was out sick and did not call in the jobs, which he generally did. He stated it was a mistake and that the mistake was rectified by Curtis.

   Thereafter, the Board deliberated and found Curtis Guilty on all charges. The penalty as follows:

   Failure to report a job (1st offense)          $500.00
   held in abeyance for one year, if however the employer fails to report a job within the next year, they will incur a penalty for a second offense. The JTB then advised the Employer to register jobs in the future via e-mail or fax.

   This document may be signed in counterparts.

2

This document may be signed in counterparts.

Date: 12/21/15

_____
Peter Cafiero, Employers' Association
Joint Trade Board

I affirm that I am a member of the Joint Trade Board pursuant to the collective bargaining agreement between the Drywall Tapers and Pointers of Greater New York Local Union 1974, Affiliated with the International Union of Painters and Allied Trades, AFL-CIO and the above captioned Employer, who executed the foregoing instrument, which is the Decision of the Joint Trade Board regarding the hearing held on December 21, 2015.

Affirmed this 21st day of December, 2015

_____
Peter Cafiero

Date: 12/21/15

_____
John Drew, Union Representative
Joint Trade Board

I affirm that I am a member of the Joint Trade Board pursuant to the collective bargaining agreement between the Drywall Tapers and Pointers of Greater New York Local Union 1974, Affiliated with the International Union of Painters and Allied Trades, AFL-CIO and the above captioned Employer, who executed the foregoing instrument, which is the Decision of the Joint Trade Board regarding the hearing held on December 21, 2015.

Affirmed this 21st day of December, 2015

_____
John Drew- Union Representative